THE LEAGUE OF WOMEN VOTERS OF OKLAHOMA v. ZIRIAX



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:THE LEAGUE OF WOMEN VOTERS OF OKLAHOMA v. ZIRIAX

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 THE LEAGUE OF WOMEN VOTERS OF OKLAHOMA v. ZIRIAX
2020 OK 26
Case Number: 118765
Decided: 05/04/2020
As Corrected: May 5, 2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 26, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

THE LEAGUE OF WOMEN VOTERS OF OKLAHOMA, ANGELA ZEA PATRICK, and PEGGY JEANNE WINTON, Petitioners,
v.
PAUL ZIRIAX, SECRETARY OF THE OKLAHOMA STATE ELECTION BOARD, in his official capacity, Respondent.

ORDER

Original jurisdiction is assumed in this matter to review Petitioner's Application to Assume Original Jurisdiction and Issue Extraordinary Relief. In 2002, the Oklahoma Legislature enacted an alternative method for the making of a declaration, verification, certificate, or affidavit. 2002 Okla.Sess.Laws Ch. 468, § 2. A statement signed, dated, and declared made under the penalty of perjury as set forth in 12 O.S.2011, § 426 carries the force and effect of an affidavit "under any law of Oklahoma or under any rule, order, or requirement made pursuant to the law of Oklahoma" except for a deposition, an oath of office, or an oath required to be taken before a specified official other than a notary public. Video Gaming Techs., Inc. v. Rogers Cty. Bd. of Tax Roll Corr., 2019 OK 83, ¶ 4 n. 1; In re Reinstatement of Pacenza, 2009 OK 9, ¶ 25 n. 39, 204 P.3d 58. The affidavit required within the absentee voting statutes (26 O.S.Supp.2019, § 14-101, et seq.) does not fall within this list of exceptions. Therefore, Respondent is directed to recognize affidavits made under the provisions of § 426 in the context of absentee voting. Chandler U.S.A., Inc. v. Tyree, 2004 OK 16, ¶ 24, 87 P.3d 598; 26 O.S.2011, § 2-107. Respondent is further ordered to send absentee ballot voters such forms, instructions, and materials as will facilitate the use of § 426. Id.; 26 O.S.2011, § 14-127, & § 14-128. Respondent is barred from issuing ballot forms, instructions, and materials suggesting notarization and/or a notarized affidavit form is the only means through which the requisite affidavit for absentee voting may be accomplished. Cannon v. Lane, 1993 OK 40, ¶ 12, 867 P.2d 1235; 26 O.S.2011, § 14-127, & § 14-128.

DONE BY THE ORDER OF THE SUPREME COURT IN CONFERENCE THIS 4th DAY OF MAY, 2020.

/S/CHIEF JUSTICE

Gurich, C.J., Darby, V.C.J., Kauger, Edmondson, Colbert, Combs, JJ., concur;

Winchester, Kane (by separate writing) and Rowe (by separate writing), dissent.

Kane, J., with whom Winchester, J., joins, dissenting 

"I conclude that our existing statutes do not provide the relief proposed by the Petitioners, so the issues stand presented to the wrong branch of government. I dissent."

Rowe, J., dissenting:

¶1 I dissent from today's order directing the Secretary of the Oklahoma State Election Board to recognize affidavits made under the provisions of 12 O.S.§ 426 in the context of absentee voting.

¶2 In 2010, Oklahoma voters overwhelmingly approved State Question 746, the Oklahoma Voter I.D. Act, which requires voters to provide a form of identification at the polls in order to vote. 26 O.S. § 7-114.

¶3 When reviewing the validity of the Oklahoma Voter I.D. Act in Gentges v. Oklahoma State Election Board, 2014 OK 8, ¶21, 319 P.3d 674, 679, we remarked:

While the people have made it clear by constitutional command that they do not want the civil or military power of the state to interfere to prevent the free exercise of the right of suffrage, the people have made it equally clear by a coordinate constitutional command that they want the right of suffrage protected from fraud.

We later upheld the constitutionality of the Oklahoma Voter I.D. Act in Gentges v. Oklahoma State Elections Board, 2018 OK 39, ¶19, 419 P.3d 224, 230.

¶4 Considering the history of voter fraud, the specifics of our absentee voter process, and recent legislative history, I agree with the Respondent that it would be absurd to now open the gates and provide for no verification for absentee ballots but still require in-person voters to provide a valid I.D. See McIntosh v. Watkins, 2019 OK 6, ¶4, 441 P.3d 1094, 1096 ("Statutory construction that would lead to an absurdity must be avoided and a rational construction should be given to a statute if the language fairly permits.").

¶5 Accordingly, I respectfully dissent.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 40, 867 P.2d 1235, 64 OBJ 972, Cannon v. Lane
Discussed
 2004 OK 16, 87 P.3d 598, CHANDLER (U.S.A.), INC. v. TYREE
Discussed
 2009 OK 9, 204 P.3d 58, IN THE MATTER OF REINSTATEMENT OF PACENZA
Discussed
 2014 OK 8, 319 P.3d 674, GENTGES v. OKLAHOMA STATE ELECTION BOARD
Discussed
 2018 OK 39, 419 P.3d 224, GENTGES v. OKLAHOMA STATE ELECTION BOARD
Discussed
 2019 OK 6, 441 P.3d 1094, MCINTOSH v. WATKINS
Discussed
 2019 OK 83, VIDEO GAMING TECHNOLOGIES v. ROGERS COUNTY BD. OF TAX ROLL CORRECTIONS
Cited
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 426, Affidavit
Discussed
Title 26. Elections
 Cite
Name
Level

 26 O.S. 2-107, Secretary's Duties
Cited
 26 O.S. 7-114, Procedure for Determining Eligibility - Proof of Identity - Penalty for False Swearing or Affirming Under Oath
Cited
 26 O.S. 14-101, Absentee Ballots Authorized
Cited
 26 O.S. 14-127, Prescribing Forms
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA